Cecilia **SAMUELSON**, a/k/a Cecilia Menefee, Appellant,

v.

**Eliel and Lourdes ALVARADO,** Appellees.

No. 08–92–00233–CV.

Court of Appeals of Texas, El Paso.

Jan. 13, 1993.

---

David A. Simmental, El Paso, for appellant.

Dick Stengel, El Paso, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This is an easement case in which the owner of the dominant, landlocked tract sought a declaratory judgment establishing his right to an easement of necessity along the west side of the servient tract. The owner of the servient estate appeals from a judgment which, following a bench trial, granted the owner of the dominant estate what is in effect an exclusive twelve foot easement along the west side of the servient estate. We affirm the judgment, as modified, of the trial court.

## FACTUAL BACKGROUND

On September 1, 1981, Cecilia Samuelson Menefee (Menefee), Appellant, purchased on contract of sale two tracts of real property, located in Canutillo, Texas, from Jose Moreno. Approximately one month later, Menefee sold the rear tract to her brother, Eliel Alvarado (Alvarado), Appellee, by oral contract of sale, title to be conveyed when he had paid the agreed purchase price. Shortly thereafter, Alvarado commenced building a house on the rear tract and later occupied it as his residence.

In September 1984, the parties entered into a written contract of sale (silent as to any easement or right-of-way), followed by a warranty deed in July 1987, the deed granting to Alvarado without specifying the location "an access license through an entrance gate on Grantor's adjacent property; provided, however that such license shall automatically terminate when other means of access are reasonable and available to Grantee." Menefee built her house on the front tract (which fronts on Joe Angel Road, the only road adjacent to the property) in 1983 or 1984. A septic tank was built between her house and the eastern boundary of her property.

In 1982, Alvarado built a chain link fence between the two tracts, with the access gate at the western boundary of the two tracts. During the period from late 1981 until 1987 or 1988, Alvarado utilized (according to Alvarado, with Menefee's agreement but at the very least with her acquiescence) a strip of land alongside the western boundary of Menefee's tract to get to and from the road and his rear tract. Although disputed, it appears that in July 1987, Alvarado began building a swimming pool in the northeastern corner of his tract and a short time later, Menefee had a masonry fence erected along the north (roadside) boundary of her tract with a vehicle gate and driveway placed at the eastern front and along the eastern boundary of her tract. This move forced Alvarado and any persons and vehicles that wished to get from the road to his property to open the gate, proceed along the eastern driveway, pass over the cesspool and at the rear of Menefee's house, to drive diagonally across her backyard to the gate into Alvarado's driveway at the northwestern corner of his tract.

▬ Alvarado filed this suit on September 11, 1991, seeking a declaratory judgment establishing his right to an easement of necessity along the west side of Menefee's property as the most direct access to his otherwise landlocked property. Following the trial, the court granted Alvarado a twelve foot easement from the road along the west boundary of Menefee's property to his property, the judgment ordering Alvarado to construct a five foot chain link fence along the easement from the road to his gate. Although Menefee prematurely, approximately two months before the judgment was signed, submitted proposed findings of fact and conclusions of law, her request for such findings and conclusions was not filed with the clerk of the court until May 1, 1992, which was more than twenty days after March 30, 1992, the date the judgment was signed. Tex.R.Civ.P. 296 requires that the request be filed within twenty days after judgment is signed in order to be timely. Moreover, she did not file with the clerk a "Notice of Past Due Findings of Fact and Conclusions of Law," as required by Tex.R.Civ.P. 297. When findings of fact and conclusions of law have not been timely or properly requested

and are not available on appeal, all questions of fact will be presumed and found in support of the judgment. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1988). In such case, the judgment of the trial court must be affirmed on appeal if it can be upheld on any legal theory that is supported by the evidence. *Id.; El Paso County Sheriff's Deputies' Association, Inc. v. Samaniego,* 802 S.W.2d 727, 728 (Tex.App.—El Paso 1990, writ denied).

## STATUTE OF LIMITATIONS

In her first point of error, Menefee contends, with citation only to statutory authority,[1] that Alvarado's right to a declaratory judgment is barred by the four year statute of limitations since he purchased the property on July 31, 1987 and did not file suit until September 12, 1991 [sic]. Although we view this point as deficiently briefed under Rule 74, Tex.R.App.P., and therefore subject to being overruled on that ground alone, we will address the point briefly.

■ While we do not concede that the four year statute of limitations has any application to the establishment of an easement of necessity by means of a declaratory judgment action,[2] it appears from the evidence that Alvarado utilized the strip of land along the western boundary as the way of ingress and egress to his property from late 1981 until anywhere from October 1986 to July 1988 when Menefee erected the wall blocking the way, a period of five to seven years.[3] Since Alvarado filed this suit on September 11, 1991, there is some evidence that it was filed within four years of the time Alvarado was first prevented from using the way or easement,

which would be the time the cause of action first accrued under that defensive theory. Findings of fact and conclusions of law not having been requested or filed, it is presumed that the trial court found facts against Menefee's limitations defense. *Point Lookout West,* 742 S.W.2d at 278. Menefee did not raise the defense of laches in the trial court which in this case, would not have been available unless the evidence showed that Alvarado's delay in filing suit was unreasonable and resulted in her injury. *Keown v. Meriwether,* 371 S.W.2d 56, 58 (Tex.App.—Beaumont 1963, writ ref'd n.r.e.). Point of Error No. One is overruled.

## LOCATION OF EASEMENT

■ In Points of Error Nos. Two through Six, which will be considered together for the sake of convenience, Menefee asserts that the trial court erred in granting the declaratory relief requested by Alvarado because (with reference to points of error): Two, the owner of a dominant estate cannot alter the character or extent of the easement, nor subject the servient estate to an additional burden; three, an owner of a dominant estate is only entitled to an easement which gives him reasonable access to his land; four, the owner of the dominant estate is not entitled to "use all means of access to the property by way of the servient estate[;]"; five, the owner of the dominant estate "is entitled only to convenient way which will give him reasonable access" to his property; and six, where an easement is granted without definite location, the right to locate belongs to the owner of the servient estate, which

---

1. Improperly cited by Menefee in her brief as "Vernon's Texas Code Annotated, Section 16.-004(a)(9)," presumably referring to Tex.Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 1986), which has no subsection (a)(9) and in any case, is not applicable to declaratory judgment actions as such.

2. The assertion of a right to an easement of necessity by its nature is not subject to a statute of limitation. Once the necessity for ingress and egress to and from the landlocked parcel is established, the location of the easement becomes the question.

3. Menefee testified that Alvarado had been using the gate on the east side of the property "approximately, more or less, since October 1986." She also testified that Alvarado constructed his swimming pool in "the same year, but some months earlier than my fence." Alvarado testified that he began construction of his swimming pool in July 1987 and that he and his wife used the western access to his property "until the summer of '88 when she built the wall."

right is to be exercised in a reasonable manner with due regard for the rights and interests of the dominant owner.

In her brief, Menefee confuses the "access license" which was granted or conveyed in the warranty deed from her to Alvarado, with the easement of necessity sought by Alvarado in his petition. Generally, an easement constitutes an interest in the land itself, while a license merely confers a privilege to do some act or acts upon the land without conveying any interest in or title to the land itself. *Digby v. Hatley*, 574 S.W.2d 186, 190 (Tex.Civ.App.—San Antonio 1978, no writ); *Ropte v. Evans*, 67 S.W.2d 396, 397 (Tex.Civ.App.—Austin 1933), *rev'd on other grounds*, 128 Tex. 75, 96 S.W.2d 973 (1936). Where an owner of a tract sells a part of the tract that has no reasonable means of access other than through the retained tract, an easement of necessity is implied even though the easement is not mentioned in the conveyance. *Hoak v. Ferguson*, 255 S.W.2d 258, 260 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). In this case, Menefee has conceded in her testimony that the Alvarados have a legal right to pass over her property in going to and from their property; i.e., that there exists an easement of necessity. The controversy centers around the location of the easement rather than its existence.

The right to select the location of the easement belongs initially to the owner of the servient estate at the time the dominant estate is created, which right is to be exercised in a reasonable manner, having due regard for the rights and interests of the dominant estate owner. *Cozby v. Armstrong*, 205 S.W.2d 403, 407 (Tex.Civ. App.—Fort Worth 1947, writ ref'd n.r.e.). If the servient owner fails to do so, then the owner of the dominant estate may locate the easement of necessity with due regard for the convenience of the parties. *Grobe v. Ottmers*, 224 S.W.2d 487, 489 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.); *Missouri–Kansas–Texas Ry. Co. of Texas v. Cunningham*, 273 S.W. 697, 702 (Tex.Civ.App.—Amarillo 1925, no writ). In the absence of an agreement by the parties, the easement of necessity may be established by the acquiescence of the parties. *Grobe*, 224 S.W.2d at 489. Once established, the location of the easement cannot be changed by either the easement owner or the servient owner without the consent of both parties, even though the use of the easement where located becomes detrimental to the use of the servient estate. *Meredith v. Eddy*, 616 S.W.2d 235, 240 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Cozby*, 205 S.W.2d at 407.

The trial court, after hearing the evidence, granted an easement along the western side of Menefee's property. In the absence of findings of fact and conclusions of law, there is an implied finding and conclusion that an easement of necessity along the western side is the most convenient and reasonable location under the evidence. The evidence recited elsewhere in this opinion supports the trial court's determination of that location. However, the trial court in an apparent attempt to put an end to controversy went too far in decreeing that the Alvarados construct a five foot chain link fence twelve feet out from the western boundary from the front of Menefee's property to the entrance to Alvarados' property. While the erection of the fence appears to be as much for the benefit of Menefee as for the Alvarados, the net effect of this order is to give the Alvarados an exclusive and permanent easement over Menefee's property, depriving her of the use of the easement to get to the rear of her property. This is tantamount to giving the Alvarados by judicial fiat the fee title to a twelve foot wide strip of Menefee's property without compensation. Once the right to and the location of an easement has been established, courts may imply only those rights in the easement owner necessary to the reasonable enjoyment of the easement with as little burden as possible to the servient owner. *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.*, 750 S.W.2d 868, 871 (Tex.App.—Austin 1988, writ denied). If a fence is to be built, it will have to be done by agreement, and built in such a manner that it will not interfere with Menefee's use of the easement to get to the rear of her property.

Menefee's Points of Error Nos. Two through Six are overruled. The judgment of the trial court is modified by striking those portions of the decree which require Alvarado to construct a fence giving him exclusive use of the easement. As so modified, the judgment is affirmed.