Opinion filed April 17, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 17,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00032-CV 

                                                     __________

 

                                       RAY
GENE BILBY, Appellant

                                                             V.

                                        DAVID
L. EATON, Appellee

 



 

                                          On
Appeal from the 91st District Court 

                                                        Eastland
County, Texas

                                             Trial
Court Cause No. CV-06-40441

 



 

                                             M
E M O R A N D U M   O P I N I O N

David
L. Eaton filed suit against Ray Gene Bilby and Cynthia Sue Bilby for
declaratory judgment and trespass after Gene severed and capped the water line
running to Eaton=s
residence.  The trial court granted Eaton temporary injunctive relief and,
following a bench trial, rendered judgment against Gene awarding Eaton damages
and permanent injunctive relief.  We affirm in part and reverse and remand in
part.

I.
Background Facts

Cynthia
and Gene divided a 435-acre tract of property when they divorced.  Cynthia
received twenty-five acres and a limited fifteen-foot roadway easement that
arose in the event of flooding.  Gene received the remaining acreage subject to
the limited roadway easement.  Special Warranty Deeds dated January 31, 2006,
were executed to effectuate this division.








Cynthia=s tract contained a house. 
On April 26, 2006, Cynthia sold her tract and house to Eaton.  The house had
city water service that was provided by a buried two-inch water line and a
water meter that were installed in 1990.  The meter is near a state highway. 
The water line runs from the meter to the house and crosses Gene=s acreage.  In February
2006, Gene paid for a new three-fourths-inch meter and placed it near the
original two-inch meter.

Eaton
tried to change the utilities to his name.  He learned that the water meter was
in Tex-Am Drilling=s
name.  This is a corporation of which Gene is the president and sole
shareholder.  The city refused to transfer the account without Gene=s consent.  Eaton contacted
Gene and was told that he could either purchase an easement or find water
elsewhere.  On May 10, Gene severed and capped the two-inch line running to the
house.  Eaton had no prior warning and, subsequently, had no water.  On May 18,
Gene=s son installed a
one-inch water line.  He connected the line to the three-fourths-inch meter and
left it on the surface.  Gene told Eaton that this was A[his] line@
and that Ahe was
through with [him].@

Eaton
filed suit and received a temporary restraining order and then a temporary
injunction.  These restrained Gene from interfering with Eaton=s repairs to or maintenance
of the two-inch water line.  Eaton also asserted causes of action for
declaratory relief, trespass, and breach of contract. Originally Eaton sued
both Cynthia and Gene, but he nonsuited her prior to trial.  The trial court
conducted a bench trial.  The parties stipulated that an implied easement
appurtenant for a water line existed across Gene=s
property but could not agree on the ownership of the water line and meter. 
Following trial, the court rendered judgment for Eaton.  It found that a
fifteen-foot easement by implication existed and awarded Eaton actual damages
of $5,387.02, attorney=s
fees of $8,689.97, and injunctive relief.  The trial court ordered the water
meter transferred into Eaton=s
name and prohibited Gene from using the existing two-inch water line.

II.
Issues on Appeal








Gene
challenges the trial court=s
judgment with six issues.  He contends that the damage award lacks factually
sufficient evidence and that the trial court erred by awarding attorney=s fees, by ordering the
transfer of the water meter into Eaton=s
name, and by ordering him to make separate arrangements with the city for
water.  Gene also argues that the permanent injunction is improper because it
does not describe the location of the easement and is overly broad and
insufficiently specific.

                                                                    III. 
Analysis

A.  
Actual Damages.

Gene=s first issue is phrased as
a factual sufficiency challenge.  Gene states that the trial court erred by
awarding $5,387.02 in damages because this award is against the great weight
and preponderance of the evidence.  The trial court awarded Eaton damages for
rental expense, repairs, and materials.  Eaton testified that, when Gene
severed the water line, the house had no water and he was forced to live in a
rent house for four months.  He also testified that he spent $550 per month in
rent, that the lack of water led to algae problems in the swimming pool, and
that he spent $3,150 having the pool cleaned.  Finally, he reconnected the
severed water line himself and produced two receipts totaling $37.02 for
supplies.

Gene
does not controvert any of these figures but argues that they all occurred
after he ran the one-inch surface line.  Presumably, Gene=s argument is that Eaton
failed to mitigate his damages.  The mitigation-of-damages doctrine is an
affirmative defense.  Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1,
908 S.W.2d 415, 426 (Tex. 1995).  Gene did not plead it.  On this basis alone,
the trial court did not err.

Moreover,
the reasonableness of Eaton=s
actions is inherently a fact question.  Gene did not request findings of fact. 
We presume, therefore, that the trial court found all fact questions in support
of its judgment, and we must affirm the judgment on any legal theory finding
support in the pleadings and evidence.  Allegheny Cas. Co. v. State, 163
S.W.3d 220, 224 (Tex. App.CEl
Paso 2005, no pet.).  The trial court heard both parties testify about their
efforts to resolve the conflict; knew Gene had unilaterally severed the house=s water access once; knew
that Gene=s Asolution@ was a one-inch surface
line; and knew that, during at least a portion of the time Eaton stayed in a
rent house, there were pending requests for injunctive relief.  The trial court
did not err by impliedly finding that Eaton acted reasonably.








Gene
also argues that the actual damage award is inappropriate for a trespass cause
of action.  This issue was not raised before the trial court and is, therefore,
waived.  Tex. R. App. P. 33.1. 
Furthermore, Eaton=s
recovery is appropriate for a temporary injury.  Trespass damages can include
costs of restoration or repair, Moore v. Rotello, 719 S.W.2d 372, 378-79
(Tex. App.CHouston
[14th Dist.] 1986, writ ref=d
n.r.e.); and loss of use, Brazos Elec. Power Coop., Inc. v. Taylor, 576
S.W.2d 117, 120 (Tex. Civ. App.CWaco
1978, writ ref=d
n.r.e.).  Eaton=s
expenses for repairing the line and cleaning the pool are recoverable as
restoration damages.  The rental expense is recoverable as loss of use
damages.  Issue one is overruled.

B. 
Attorney=s
Fees.

Gene
argues that the trial court erred when it awarded attorney=s fees because Eaton=s declaratory judgment action
was resolved by the stipulation of counsel announced to the court at the start
of trial and because Eaton did not segregate his fees between the two
defendants.  Eaton responds that Gene=s
segregation argument has been waived and that the trial court did not abuse its
discretion.  We agree.

In
a declaratory judgment action, the trial court may award costs and reasonable
and necessary attorney=s
fees as are equitable and just.  Tex.
Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon 1997).  Whether the fees are reasonable and necessary are
questions of fact; whether awarding the fees and costs is equitable and just is
a question of law.  GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,
197 S.W.3d 305, 311-12 (Tex. 2006).  We review the trial court=s decision of whether costs
and attorney=s fees
are equitable for an abuse of discretion.  Doncaster v. Hernaiz, 161
S.W.3d 594, 606 (Tex. App.CSan
Antonio 2005, no pet.).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

Eaton
received three invoices for attorney=s
fees and expenses.  These were admitted without objection.  Eaton=s counsel also testified
without objection that these fees and expenses were reasonable and necessary. 
Gene cross-examined Eaton=s
counsel and established that the invoices included a $50 service fee for
Cynthia and some time in connection with her nonsuit.  The charges for this
time were not identified.








When
a plaintiff sues multiple defendants and settles with some prior to trial or
when a plaintiff sues on multiple causes of action some of which allow attorney=s fees and others do not,
the general rule is that he must segregate the fees owed by the settling
defendants from the nonsettling defendants and segregate fees incurred
prosecuting causes of action that allow attorney=s
fees from those that do not.  Hartman v. Solbrig, 12 S.W.3d 587, 594
(Tex. App.CSan Antonio
2000, pet. denied).  An exception to this rule arises when the fees rendered
are in connection with claims arising out of the same transaction and are so
interrelated that their prosecution entails proof of essentially the same
facts.  Id.

Because
Gene did not object to Eaton=s
attorney=s fee
evidence, he has waived any argument that the fees were not recoverable or that
Eaton failed to segregate his fees.  Rule 33.1.  Even if the claim had been
preserved, Gene has failed to show an abuse of discretion.  Because the
stipulation was not reached until just before the start of trial, because that
stipulation excepted the ownership of the line and meter and, thus, did not
resolve all of the declaratory judgment claim, and because all of the evidence
related to water service for the house, the trial court could have reasonably
concluded that the claims were so interrelated that all of Eaton=s fees were recoverable. 
Issue two is overruled.

C. 
Injunctive Relief.

Gene
contends in his third issue:

The
Court erred in Ordering the Defendant, Ray Gene Bilby[,] to remove all water
line access and usage from his property and make separate arrangements with the
City of Eastland using a [different] water meter than the one servicing
Plaintiff=s Real
Property.

 

We read this as
a complaint about Eaton=s
exclusive access to the two-inch water line and the water meter servicing that
line.  Because the parties=
stipulation and the evidence support a finding that Gene and Cynthia created an
easement for the water line that was in place when they executed their
cross-deeds, we disagree with Gene=s
contention.

Gene
directs our attention to Samuelson v. Alvarado, 847 S.W.2d 319, 323
(Tex. App.CEl Paso
1993, no writ), for the proposition that the servient estate has the right to
select the location of the easement.  We agree.  The court, however, also said:

Once established,
the location of the easement cannot be changed by either the easement owner or
the servient owner without the consent of both parties, even though the use of
the easement where located becomes detrimental to the use of the servient estate. 


 








Id.  The
water line easement was created when Gene and Cynthia exchanged their deeds.  See
Ulbricht v. Friedsam, 325 S.W.2d 669, 676 (Tex. 1959) (AWhere the owner of an
entire tract of land or of two or more adjoining parcels employs a part thereof
so that one derives from the other a benefit or advantage of a continuous,
permanent, and apparent nature, and sells the one in favor of which such quasi
easement exists, such easement, being necessary to the reasonable enjoyment of
the property granted, will pass to the grantee by implication.@).   That easement was not
altered prior to Eaton=s
purchase.  Gene agreed that the house was always supplied with water by the
two-inch line and meter and that he did not make any changes to either between
the time of the divorce and Cynthia=s
sale to Eaton.  Gene=s
right to select the easement=s
location was exercised when the easement was created.  Gene had no right to
subsequently alter that easement without the agreement of the dominant estate. 
Because the easement, and thus the water line within it, belongs to Eaton, the
trial court did not err by enjoining Gene from accessing it.  Gene=s third issue is overruled.

Gene
also contends that the trial court erred by granting an easement by implication
for the water line without providing a description of the easement=s location and that the
injunction is overly broad.  We agree that the trial court erred by not
describing the easement=s
location.  Tex. R. Civ. P. 683
requires that every order granting injunctive relief be specific in its terms
and describe in reasonable detail the act or acts sought to be restrained. 
When a trial court grants injunctive relief in connection with an easement, a
sufficient description of the easement is essential.  See Eastex Wildlife
Conservation Ass=n
v. Jasper, 450 S.W.2d 904, 917-18 (Tex. Civ. App.CBeaumont 1970, writ ref=d n.r.e.) (judgment enjoining party from
obstructing road was too vague because it did not describe the location and
width of the road).  The trial court=s
judgment does not describe the easement=s
location.  

We
sustain Gene=s fourth
and sixth issues in part.  This case is remanded with instructions to describe
the easement=s
location.  This description should provide sufficient information that
subsequent purchasers will have notice of the location and extent of the
easement.  We note that the water line easement is not synonymous with the
limited roadway easement and that, absent agreement of the parties, the
location and extent of the easement is as it existed when created by the
January 31, 2006 Special Warranty Deeds.

 








D. 
Directive to a Nonparty.

Gene
complains in his fifth issue that the trial court erred by ordering the City of
Eastland to transfer the water meter into Eaton=s
name because the city is not a party.  Eaton concedes that the judgment was
perhaps inartfully worded and commendably accepts responsibility for this
oversight.  Eaton contends that the purpose of the disputed language was to
satisfy the city=s
requirement that Gene consent to any transfer of ownership.  Because we are
remanding a portion of this case for further reconsideration, we sustain Gene=s fifth issue and remand to
the trial court so that its intention can be rewritten in a manner that does
not mandate action by a nonparty.

IV. 
Holding.

We
affirm in part and reverse and remand in part the judgment of the trial court. 
The case is remanded so that the trial court can provide a written description
of the easement appurtenant by implication created when Cynthia Sue Bilby and
Ray Gene Bilby exchanged their cross-deeds and so that the trial court can
reword that portion of the judgment directing the City of Eastland to take
action.  The remainder of the trial court=s
judgment is affirmed.

 

 

RICK STRANGE

JUSTICE

 

April 17, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.