NUMBER 13-06-00523-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SYLVIA SMITH, Appellant,


v.
 


PAMELA WEBB AND ANN HOSEK, Appellees.

 
 

On appeal from the 343rd District Court 


of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellees, Pamela Webb and Ann Hosek, filed a petition asking the trial court to
declare an easement by necessity to their property across Parcel J, a tract of land owned
by appellant, Sylvia Smith. After a bench trial, the trial court entered its judgment declaring
an easement by necessity across appellant's land. The trial court also awarded attorney's
fees to appellees. By seven issues, appellant challenges the trial court's grant of an
easement and its award of attorney's fees under the Uniform Declaratory Judgments Act
(the Act). We affirm.

 I. Background

 This appeal involves what was once one large tract of ranch land owned by Mr. and
Mrs. Floyd Webb, Mr. and Mrs. Farrell Smith, and others. In 1981, the owners partitioned
the large tract. The Webbs received several parcels in the partition including Parcel K
which was landlocked. The Smiths received several parcels in the partition including
Parcel J which borders Parcel K to the north. The partition deed did not expressly grant
or reserve an easement across Parcel J in favor of the Webbs. However, Parcel K was
accessed over the years through Parcel J either along the railroad boundary of Parcel J
or along the brush line running through Parcel J. As a result of bequests from their
respective parents, appellees now own Parcel K and appellant now owns Parcel J.

 Appellees sued appellant for a declaration that an easement existed across Parcel
J to Parcel K. The case was tried to the bench on April 21, 2006. On that same day, the
trial court informed the parties, in writing, that it was "declaring an easement by necessity
exists in favor of [appellees]." In its April 21 letter, the trial court explained, through
reference to Exhibit 14, that placement of the easement would be a thirty-foot centerline
road easement that follows the brush line running through Parcel J. (1)

 On July 7, 2006, at a hearing on the entry of the order, the trial court again informed
the parties that it was going to sign the judgment declaring an easement of necessity along
the location of the brush line on Parcel J. Nonetheless, appellant offered two exhibits in
an effort to establish a different easement, one running along the railroad right-of-way. (2) 
Over objections that the exhibits were irrelevant, immaterial, hearsay, and offered after the
parties had rested with no motion before the court that would properly allow them to tender
the exhibits into evidence, the trial court received the exhibits.

 Following the July 7 hearing, the trial court signed a judgment declaring an
easement of necessity along the location of the brush line. The judgment also awarded
attorney's fees to appellees. This appeal ensued.

II. Presumption

 By her first two issues, appellant contends that because the evidence contradicts
the presumption of intent to create an easement, the presumption has no effect. See Gen.
Motors Corp. v. Saenz, 873 S.W.2d 353, 359 (Tex. 1993). We agree.

 "A presumption is a rule of law requiring the fact finder to reach a particular 
conclusion in the absence of evidence to the contrary." Joplin v. Borusheski, 244 S.W.3d
607, 611 (Tex. App.-Dallas 2008, no pet.) (citing Temple I.S.D. v. English, 896 S.W.2d
167, 169 (Tex. 1995); Amaye v. Oravetz, 57 S.W.3d 581, 584 (Tex. App.-Houston [14th
Dist.] 2001, pet. denied)). When someone sells land or, as in this case, partitions land
which cannot be reached except by crossing over the property of the seller or the
partitioner, the law presumes that the lack of an express easement in the deed or partition
agreement was an oversight and that the parties intended to grant an easement permitting
access. See Akers v. Stevenson, 54 S.W.3d 880, 882 (Tex. App.-Beaumont 2001, no
pet.) (citing Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397, 399 (1944)). The rebuttable
presumption "shifts the burden of producing evidence to the party against whom it
operates." In re Rodriguez, 940 S.W.2d 265, 271 (Tex. App.-San Antonio 1997, writ
denied) (citing Gen. Motors Corp., 873 S.W.2d at 359). Once that burden is discharged
and evidence contradicting the presumption has been offered, the presumption disappears
and is not weighed or treated as evidence. Gen. Motors Corp., 873 S.W.2d at 359. The
evidence is then evaluated as it would be in any other case, and the presumption has no
effect on the burden of persuasion. Id. "The facts upon which the presumption was based
remain in evidence, of course, and will support any inferences that may be reasonably
drawn from them." Id.

 In this case, it is undisputed that when the land was partitioned Parcel K was
landlocked and that there was no access easement provided for Parcel K in the 1981
partition deed. Thus, a presumption arose that the parties intended but overlooked an
easement to Parcel K through Parcel J. See id.

 Appellant cites D. Wilson Construction Company v. McAllen Independent School
District, 848 S.W.2d 226, 230 (Tex. App.-Corpus Christi 1992, writ dism'd w.o.j.) for the
proposition that "a party who signs a contract is charged with notice of its contents as a
matter of law" and asserts that when the parties executed the partition deed they knew its
contents. Appellant directs this Court to the following portions of the partition deed which
she claims rebut the presumption at issue:

 1. The partition deed provided five access easements to other parcels,
but not to Parcel K, and defined the easements and the servient
estates (3) in great detail;

 

 2. The partition deed put the easements along the edge of the servient
tracts;

 

 3. The language of the partition deed set out that the tracts were set
apart to their owners ". . . free and clear from any and all claims of the
other parties. . . ."; and,

 

 4. The partition deed also declared that ". . . the respective interests of
the respective owners shall be hereafter held and owned in severalty
. . . except for certain easements reserved, granted and excepted
herein . . . ."

 

 In addition, appellant points to evidence establishing that access from Parcel K to
a public road is a distance of 100 feet across the railroad right of way and that it is a
distance of at least 3660.62 feet across Parcel J to Parcel K. The evidence also showed
that there were six railroad crossings within three miles of Parcel K.

 Based on the language of the partition deed and the location of a public road 100
feet from Parcel K but across a railroad right of way, we agree that appellant produced
sufficient evidence to rebut the presumption. Therefore, we must review the evidence as
it would be in any other case, giving no effect to the presumption. See Gen. Motors Corp.,
873 S.W.2d at 359. We sustain issues one and two on that basis.

III. Present Necessity of Access

 Appellant contends by her third and fourth issues that present access was not a
necessity, a challenge to the second element of proving an easement by necessity. See
Koonce v. Brite, 663 S.W.2d 451, 452 (Tex. 1984). We disagree.

 Because appellees rely upon an easement by necessity, they had the burden of
proving all the elements necessary to establish the easement. Crone v. Brumley, 219
S.W.3d 65, 68 (Tex. App.-San Antonio 2007, pet. denied) (citing Duff v. Matthews, 158
Tex. 333, 311 S.W.2d 637, 640 (1958) and Bains, 182 S.W.2d at 399)). The elements
include (1) unity of ownership prior to separation; (2) access as a necessity and not a mere
convenience; and, (3) necessity existing at the time of the severance. Koonce, 663
S.W.2d at 452 (citing Duff, 311 S.W.2d at 641). Additionally, while easements by necessity
are temporary because their existence is dependent on the necessity that created them
and terminate upon the cessation of the necessity, see Bains, 182 S.W.2d at 399, once
the location of a way of necessity is established, its location may be changed only with the
expressed or implied consent of both parties. Samuelson v. Alvarado, 847 S.W.2d 319,
323 (Tex. App.-El Paso 1993, no writ); Meredith v. Eddy, 616 S.W.2d 235, 240 (Tex. Civ.
App.-Houston [1st Dist.] 1981, no writ).

 It is undisputed that unity of ownership existed between the dominant and servient
estates in 1981 and that Parcel K was landlocked. Thus, a necessity existed at the time
of the severance. See Koonce, 663 S.W.2d at 452. Appellant claims there was no present
necessity; however, because before the judgment was signed, she tendered an alternate
easement across Parcel J along the railroad right of way. We will confine our analysis,
therefore, to whether a present necessity existed. See id.

 In this case, testimony established that the Webb family accessed Parcel K by
crossing Parcel J along the brush-line path for forty-eight years. The evidence also
established that on the day of trial the trial court sent a letter to the parties informing them
that it was declaring an easement by necessity in favor of appellees following the brush line
running through Parcel J. The trial court informed the parties of its ruling in writing. The
location of the easement had been established.

 On July 7, 2006, at the hearing on the entry of the order and before any evidence
was admitted regarding the tender of another easement, the trial court again informed the
parties that it would sign the judgment declaring an easement of necessity along the
location of the brush line on Parcel J. Because the easement had been established,
appellant could not have tendered a different easement without the agreement of
appellees. See Samuelson, 847 S.W.2d at 323. There is no evidence of such agreement. 
We conclude, therefore, that appellees did not lose entitlement to the easement along the
brush line.

 Moreover, the trial court received a copy of the easement tendered by appellant to
appellees on May 25, 2006, and a copy of correspondence from appellees' counsel
rejecting the proposed easement. However, the trial court made it clear that he was
allowing appellant to make a record at the hearing but that she would have to file a motion
for new trial with everything attached. No motion for new trial or motion to reopen the case
for new evidence was filed in this case.

 We conclude, giving no effect to the customary presumption of intent to create an
easement, that appellees established all of the elements required to show entitlement to
an easement by necessity. We overrule issues three and four.

IV. Attorney's Fees

A. Declaratory Relief

 By her seventh issue, appellant contends that the claim for declaratory relief is
merely incidental to the title issue, and therefore, that attorney's fees are not recoverable
under the Act. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997). 
However, the issue in this case is not the determination of superior title to land, but a
determination of parties' rights regarding the establishment of an easement under a
partition deed. Compare Hawk v. Arledge, 107 S.W.3d 79, 84 (Tex. App.-Eastland 2003,
writ dism'd) (quoting John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst, 90
S.W.3d 268, 289 (Tex. 2002) ("The claim for declaratory relief [in this dispute over fee title
to two tracts of land] is 'merely incidental to the title issues' and attorney's fees are not
recoverable.")) with Steel v. Wheeler, 993 S.W.2d 376, 381 (Tex. App.-Tyler 1999, pet.
denied) ("We hold that invoking the Declaratory Judgments Act to determine rights of
ingress and egress is proper.") (citing Lindner v. Hill, 691 S.W.2d 590, 591 (Tex. 1985)
(declaring road was impliedly dedicated to public use)); Houston Bellaire v. TCP LB
Portfolio I, 981 S.W.2d 916, 922-23 (Tex. App.-Houston [1st Dist.] 1998, no pet.) (affirming
the trial court's grant of an easement in a declaratory judgment action and its award of
attorney's fees); Elder v. Bro, 809 S.W.2d 799, 800-01 (Tex. App.-Houston [14th Dist.]
1991, writ denied) (declaring an easement and awarding attorney's fees); Canales v.
Zapatero, 773 S.W.2d 659, 661 (Tex. App.-San Antonio 1989, writ denied) (same). We
conclude that the suit was properly brought as a declaratory judgment action to determine
the rights of the parties with regard to ingress and egress to land conveyed by the partition
deed. Therefore, the relief is not merely incidental to a title issue as appellant argues, and
attorney's fees are recoverable under the Act. See Steel, 993 S.W.2d at 381. Appellant's
seventh issue is overruled.

B. Reasonable and Necessary Attorney's Fees

 Finally, by her fifth and sixth issues, appellant contends that the evidence does not
support the court's finding that the attorney's fees incurred by appellees were reasonable
and necessary. "[I]n reviewing an attorney fee award under the Act, the court of appeals
must determine whether the trial court abused its discretion by awarding fees when there
was insufficient evidence that the fees were reasonable or necessary, or when the award
was inequitable or unjust." Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); see Union
Gas Corp. v. Gisler, 129 S.W.3d 145, 157 (Tex. App.-Corpus Christi 2003, no pet.).

 In this case, the trial court awarded attorney's fees in the amount of $7,380.53 to
appellees and found that the fees were reasonable and necessary. Appellant asserts that
there is no evidence that the fees were necessary and no competent evidence to support
the issue of reasonableness. Appellant does not contend that the fees awarded were
inequitable or unjust. Therefore, we review the evidence only to determine whether the
fees were reasonable and necessary. See Bocquet, 972 S.W.2d at 21.

 Appellees sought an equitable remedy and had the burden to prove the elements
to support an easement. The suit was to establish an easement because appellees' tract
of land was landlocked and they were unable to sell it due to the lack of a written
easement. Appellees were unable to obtain an easement from appellant or from
surrounding property owners. Appellant filed an original and three amended pleadings
alleging five affirmative defenses. The trial court denied summary judgments urged by
both parties, and court-ordered mediation was unsuccessful. A bench trial took place. 
Appellees' attorney testified that she spent more time than originally estimated on the case. 
Her charge was $150.00 an hour, and she expended 45.75 hours on the case which
included time spent preparing proposed findings of fact and conclusions of law. Based on
the above, we conclude that there was sufficient evidence that the fees were reasonable
and necessary. The trial court did not abuse its discretion in awarding attorney's fees to
appellees. Appellant's fifth and sixth issues are overruled.

V. Conclusion

 The judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 30th day of April, 2008.

1. We note that after the parties rested on April 21, the trial court also told them in open court that it
would not rule that appellees would have to go through the railroad boundary.
2. Appellant's Exhibit 1, dated May 25, 2006, and entitled Easement for Ingress and Egress, described
an easement across Parcel J along the railroad right-of-way. Exhibit 2 was a July 5, 2006 letter from
appellees' counsel to appellant's counsel rejecting the proposed easement.
3. The property which benefits from the easement is the dominant estate, and the property owned by
the grantor of the easement is the servient estate. See Akers v. Stevenson, 54 S.W.3d 880, 882 (Tex.
App.-Beaumont 2001, no pet.) (citing Daniel v. Fox, 917 S.W.2d 106, 110 (Tex. App.-San Antonio 1996, writ
denied)).