

**NUMBER 13-06-00523-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SYLVIA SMITH, Appellant,

v.

PAMELA WEBB AND ANN HOSEK, Appellees.

---

**On appeal from the 343rd District Court
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellees, Pamela Webb and Ann Hosek, filed a petition asking the trial court to declare an easement by necessity to their property across Parcel J, a tract of land owned by appellant, Sylvia Smith. After a bench trial, the trial court entered its judgment declaring an easement by necessity across appellant's land. The trial court also awarded attorney's fees to appellees. By seven issues, appellant challenges the trial court's grant of an

easement and its award of attorney's fees under the Uniform Declaratory Judgments Act (the Act). We affirm.

## I. Background

This appeal involves what was once one large tract of ranch land owned by Mr. and Mrs. Floyd Webb, Mr. and Mrs. Farrell Smith, and others. In 1981, the owners partitioned the large tract. The Webbs received several parcels in the partition including Parcel K which was landlocked. The Smiths received several parcels in the partition including Parcel J which borders Parcel K to the north. The partition deed did not expressly grant or reserve an easement across Parcel J in favor of the Webbs. However, Parcel K was accessed over the years through Parcel J either along the railroad boundary of Parcel J or along the brush line running through Parcel J. As a result of bequests from their respective parents, appellees now own Parcel K and appellant now owns Parcel J.

Appellees sued appellant for a declaration that an easement existed across Parcel J to Parcel K. The case was tried to the bench on April 21, 2006. On that same day, the trial court informed the parties, in writing, that it was "declaring an easement by necessity exists in favor of [appellees]." In its April 21 letter, the trial court explained, through reference to Exhibit 14, that placement of the easement would be a thirty-foot centerline road easement that follows the brush line running through Parcel J.[1]

On July 7, 2006, at a hearing on the entry of the order, the trial court again informed the parties that it was going to sign the judgment declaring an easement of necessity along the location of the brush line on Parcel J. Nonetheless, appellant offered two exhibits in

---

[1]We note that after the parties rested on April 21, the trial court also told them in open court that it would not rule that appellees would have to go through the railroad boundary.

an effort to establish a different easement, one running along the railroad right-of-way.[2]

Over objections that the exhibits were irrelevant, immaterial, hearsay, and offered after the parties had rested with no motion before the court that would properly allow them to tender the exhibits into evidence, the trial court received the exhibits.

Following the July 7 hearing, the trial court signed a judgment declaring an easement of necessity along the location of the brush line. The judgment also awarded attorney's fees to appellees. This appeal ensued.

## II. Presumption

By her first two issues, appellant contends that because the evidence contradicts the presumption of intent to create an easement, the presumption has no effect. *See Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). We agree.

"A presumption is a rule of law requiring the fact finder to reach a particular conclusion in the absence of evidence to the contrary." *Joplin v. Borusheski*, 244 S.W.3d 607, 611 (Tex. App.–Dallas 2008, no pet.) (citing *Temple I.S.D. v. English*, 896 S.W.2d 167, 169 (Tex. 1995); *Amaye v. Oravetz*, 57 S.W.3d 581, 584 (Tex. App.–Houston [14th Dist.] 2001, pet. denied)). When someone sells land or, as in this case, partitions land which cannot be reached except by crossing over the property of the seller or the partitioner, the law presumes that the lack of an express easement in the deed or partition agreement was an oversight and that the parties intended to grant an easement permitting access. *See Akers v. Stevenson*, 54 S.W.3d 880, 882 (Tex. App.–Beaumont 2001, no pet.) (citing *Bains v. Parker*, 143 Tex. 57, 182 S.W.2d 397, 399 (1944)). The rebuttable

---

[2]Appellant's Exhibit 1, dated May 25, 2006, and entitled Easement for Ingress and Egress, described an easement across Parcel J along the railroad right-of-way. Exhibit 2 was a July 5, 2006 letter from appellees' counsel to appellant's counsel rejecting the proposed easement.

presumption "shifts the burden of producing evidence to the party against whom it operates." *In re Rodriguez*, 940 S.W.2d 265, 271 (Tex. App.–San Antonio 1997, writ denied) (citing *Gen. Motors Corp.*, 873 S.W.2d at 359). Once that burden is discharged and evidence contradicting the presumption has been offered, the presumption disappears and is not weighed or treated as evidence. *Gen. Motors Corp.*, 873 S.W.2d at 359. The evidence is then evaluated as it would be in any other case, and the presumption has no effect on the burden of persuasion. *Id.* "The facts upon which the presumption was based remain in evidence, of course, and will support any inferences that may be reasonably drawn from them." *Id*.

In this case, it is undisputed that when the land was partitioned Parcel K was landlocked and that there was no access easement provided for Parcel K in the 1981 partition deed. Thus, a presumption arose that the parties intended but overlooked an easement to Parcel K through Parcel J. *See id.*

Appellant cites *D. Wilson Construction Company v. McAllen Independent School District*, 848 S.W.2d 226, 230 (Tex. App.–Corpus Christi 1992, writ dism'd w.o.j.) for the proposition that "a party who signs a contract is charged with notice of its contents as a matter of law" and asserts that when the parties executed the partition deed they knew its contents. Appellant directs this Court to the following portions of the partition deed which she claims rebut the presumption at issue:

1.    The partition deed provided five access easements to other parcels, but not to Parcel K, and defined the easements and the servient estates[3] in great detail;

---

[3]The property which benefits from the easement is the dominant estate, and the property owned by the grantor of the easement is the servient estate. *See Akers v. Stevenson*, 54 S.W.3d 880, 882 (Tex. App.–Beaumont 2001, no pet.) (citing *Daniel v. Fox*, 917 S.W.2d 106, 110 (Tex. App.–San Antonio 1996, writ denied)).

4

2.  The partition deed put the easements along the edge of the servient tracts;

3.  The language of the partition deed set out that the tracts were set apart to their owners ". . . free and clear from any and all claims of the other parties. . . ."; and,

4.  The partition deed also declared that ". . . the respective interests of the respective owners shall be hereafter held and owned in severalty . . . except for certain easements reserved, granted and excepted herein . . . ."

In addition, appellant points to evidence establishing that access from Parcel K to a public road is a distance of 100 feet across the railroad right of way and that it is a distance of at least 3660.62 feet across Parcel J to Parcel K. The evidence also showed that there were six railroad crossings within three miles of Parcel K.

Based on the language of the partition deed and the location of a public road 100 feet from Parcel K but across a railroad right of way, we agree that appellant produced sufficient evidence to rebut the presumption. Therefore, we must review the evidence as it would be in any other case, giving no effect to the presumption. *See Gen. Motors Corp.*, 873 S.W.2d at 359. We sustain issues one and two on that basis.

### III. Present Necessity of Access

Appellant contends by her third and fourth issues that present access was not a necessity, a challenge to the second element of proving an easement by necessity. *See Koonce v. Brite*, 663 S.W.2d 451, 452 (Tex. 1984). We disagree.

Because appellees rely upon an easement by necessity, they had the burden of proving all the elements necessary to establish the easement. *Crone v. Brumley*, 219 S.W.3d 65, 68 (Tex. App.–San Antonio 2007, pet. denied) (citing *Duff v. Matthews*, 158 Tex. 333, 311 S.W.2d 637, 640 (1958) and *Bains*, 182 S.W.2d at 399)). The elements

5

include (1) unity of ownership prior to separation; (2) access as a necessity and not a mere convenience; and, (3) necessity existing at the time of the severance. *Koonce*, 663 S.W.2d at 452 (citing *Duff*, 311 S.W.2d at 641). Additionally, while easements by necessity are temporary because their existence is dependent on the necessity that created them and terminate upon the cessation of the necessity, *see Bains*, 182 S.W.2d at 399, once the location of a way of necessity is established, its location may be changed only with the expressed or implied consent of both parties. *Samuelson v. Alvarado*, 847 S.W.2d 319, 323 (Tex. App.–El Paso 1993, no writ); *Meredith v. Eddy*, 616 S.W.2d 235, 240 (Tex. Civ. App.–Houston [1st Dist.] 1981, no writ).

It is undisputed that unity of ownership existed between the dominant and servient estates in 1981 and that Parcel K was landlocked. Thus, a necessity existed at the time of the severance. *See Koonce*, 663 S.W.2d at 452. Appellant claims there was no present necessity; however, because before the judgment was signed, she tendered an alternate easement across Parcel J along the railroad right of way. We will confine our analysis, therefore, to whether a present necessity existed. *See id.*

In this case, testimony established that the Webb family accessed Parcel K by crossing Parcel J along the brush-line path for forty-eight years. The evidence also established that on the day of trial the trial court sent a letter to the parties informing them that it was declaring an easement by necessity in favor of appellees following the brush line running through Parcel J. The trial court informed the parties of its ruling in writing. The location of the easement had been established.

On July 7, 2006, at the hearing on the entry of the order and before any evidence was admitted regarding the tender of another easement, the trial court again informed the

6

parties that it would sign the judgment declaring an easement of necessity along the location of the brush line on Parcel J. Because the easement had been established, appellant could not have tendered a different easement without the agreement of appellees. *See Samuelson*, 847 S.W.2d at 323. There is no evidence of such agreement. We conclude, therefore, that appellees did not lose entitlement to the easement along the brush line.

Moreover, the trial court received a copy of the easement tendered by appellant to appellees on May 25, 2006, and a copy of correspondence from appellees' counsel rejecting the proposed easement. However, the trial court made it clear that he was allowing appellant to make a record at the hearing but that she would have to file a motion for new trial with everything attached. No motion for new trial or motion to reopen the case for new evidence was filed in this case.

We conclude, giving no effect to the customary presumption of intent to create an easement, that appellees established all of the elements required to show entitlement to an easement by necessity. We overrule issues three and four.

## IV. Attorney's Fees

### A. Declaratory Relief

By her seventh issue, appellant contends that the claim for declaratory relief is merely incidental to the title issue, and therefore, that attorney's fees are not recoverable under the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997). However, the issue in this case is not the determination of superior title to land, but a determination of parties' rights regarding the establishment of an easement under a partition deed. *Compare Hawk v. Arledge,* 107 S.W.3d 79, 84 (Tex. App.–Eastland 2003,

7

writ dism'd) (quoting *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002) ("The claim for declaratory relief [in this dispute over fee title to two tracts of land] is 'merely incidental to the title issues' and attorney's fees are not recoverable.")) *with Steel v. Wheeler*, 993 S.W.2d 376, 381 (Tex. App.–Tyler 1999, pet. denied) ("We hold that invoking the Declaratory Judgments Act to determine rights of ingress and egress is proper.") (citing *Lindner v. Hill*, 691 S.W.2d 590, 591 (Tex. 1985) (declaring road was impliedly dedicated to public use)); *Houston Bellaire v. TCP LB Portfolio I*, 981 S.W.2d 916, 922-23 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (affirming the trial court's grant of an easement in a declaratory judgment action and its award of attorney's fees); *Elder v. Bro*, 809 S.W.2d 799, 800-01 (Tex. App.–Houston [14th Dist.] 1991, writ denied) (declaring an easement and awarding attorney's fees); *Canales v. Zapatero*, 773 S.W.2d 659, 661 (Tex. App.–San Antonio 1989, writ denied) (same). We conclude that the suit was properly brought as a declaratory judgment action to determine the rights of the parties with regard to ingress and egress to land conveyed by the partition deed. Therefore, the relief is not merely incidental to a title issue as appellant argues, and attorney's fees are recoverable under the Act. *See Steel*, 993 S.W.2d at 381. Appellant's seventh issue is overruled.

### B. Reasonable and Necessary Attorney's Fees

Finally, by her fifth and sixth issues, appellant contends that the evidence does not support the court's finding that the attorney's fees incurred by appellees were reasonable and necessary. "[I]n reviewing an attorney fee award under the Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there

was insufficient evidence that the fees were reasonable or necessary, or when the award was inequitable or unjust." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see Union Gas Corp. v. Gisler*, 129 S.W.3d 145, 157 (Tex. App.–Corpus Christi 2003, no pet.).

In this case, the trial court awarded attorney's fees in the amount of $7,380.53 to appellees and found that the fees were reasonable and necessary. Appellant asserts that there is no evidence that the fees were necessary and no competent evidence to support the issue of reasonableness. Appellant does not contend that the fees awarded were inequitable or unjust. Therefore, we review the evidence only to determine whether the fees were reasonable and necessary. *See Bocquet*, 972 S.W.2d at 21.

Appellees sought an equitable remedy and had the burden to prove the elements to support an easement. The suit was to establish an easement because appellees' tract of land was landlocked and they were unable to sell it due to the lack of a written easement. Appellees were unable to obtain an easement from appellant or from surrounding property owners. Appellant filed an original and three amended pleadings alleging five affirmative defenses. The trial court denied summary judgments urged by both parties, and court-ordered mediation was unsuccessful. A bench trial took place. Appellees' attorney testified that she spent more time than originally estimated on the case. Her charge was $150.00 an hour, and she expended 45.75 hours on the case which included time spent preparing proposed findings of fact and conclusions of law. Based on the above, we conclude that there was sufficient evidence that the fees were reasonable and necessary. The trial court did not abuse its discretion in awarding attorney's fees to appellees. Appellant's fifth and sixth issues are overruled.

9

## V.  Conclusion

The judgment of the trial court is affirmed.


NELDA V. RODRIGUEZ
Justice


Memorandum Opinion delivered and
filed this 30th day of April, 2008.

10