**Melbourn PERSONS, et al., Appellants,**

**v.**

**Mrs. W. H. RUSSELL, Appellee.**

**No. 1449.**

Court of Appeals of Texas, Tyler.

Oct. 22, 1981.

Rehearing Denied Nov. 19, 1981.

David Meyercord, Strasburger & Price, Dallas, for appellants.

B. J. Wynne, Wynne & Wynne, Wills Point, for appellee.

MOORE, Justice.

This is a suit to establish an implied easement. Plaintiff-appellee, Mrs. W. A. Russell, brought suit against defendants-appellants, Melbourn Persons and Anna Mylin, to establish an implied easement for a roadway across a 50-acre tract of land owned by the defendants as a means of ingress and egress to a 20-acre tract owned by plaintiffs. Defendants answered with a general denial and affirmatively plead that the cause of action was barred by limitations. Trial was before a jury. After both parties had presented their evidence, plaintiff moved for an instructed verdict or in the alternative that the cause be withdrawn from the jury and judgment be rendered for the plaintiff. Before the charge was submitted to the jury, the trial court withdrew the case from the jury and rendered judgment granting plaintiff an easement across defendants' property. The judgment decreed that the defendants designate a convenient and reasonable route for the plaintiff to travel across defendants' land to the highway. From such judgment, defendants perfected this appeal.

We reverse and remand.

Appellants contend under their first and second points of error that the trial court erred in granting an Instructed Verdict because the evidence raised material fact issues upon plaintiff's claim of an implied easement and therefore the cause should have been submitted to the jury. We have concluded that this contention must be sustained.

■ Appellee-plaintiff alleged in her petition that her predecessors in title purchased the 20-acre tract from appellants-defendants and at the time of the purchase the 20-acre tract was "completely surrounded by other owners, strangers to this title and at these times the only outlet that could be used by the owner of the 20-acre tract was across the tract of land owned by Defendants herein." She further alleged that she was entitled to a way of necessity across the 50-acre tract to reach the county road or highway situated on the north side of the 50-acre tract. Nowhere in her pleadings did she allege, nor does she now contend, that there had been pre-existing use of a roadway across the 50-acre tract. Consequently her suit is for the establishment of an implied way by necessity as distinguished from a suit seeking to establish title to a pre-existing roadway classified as an implied easement appurtenant. *Fender v. Schaded*, 420 S.W.2d 468 (Tex.Civ.App.— Tyler 1967, writ ref'd n.r.e.).

■ The requisites for establishing a right to an easement by way of necessity

are: (1) unity of ownership of the alleged dominant and servient estates at the time of severance, and (2) severance of the two estates. *Waggoner Estate v. Gleghorn*, 370 S.W.2d 786 (Tex.Civ.App.—Eastland) aff'd in part 378 S.W.2d 47 (Tex.1964); *Duff v. Matthews*, 158 Tex. 333, 311 S.W.2d 637 (Tex.1958).

Appellee, Mrs. Russell, maintains that the instructed verdict must be sustained because the undisputed proof shows that an easement was reasonably necessary to a fair and enjoyable use of her 20-acre tract. In reply, appellants say that a mere showing of necessity is not enough. They say that in order to be entitled to an implied easement, it is essential that the proof must also show that the two tracts were contiguous or adjoining and since the proof fails conclusively to establish that the two tracts were contiguous, appellee was not entitled to an instructed verdict. The resolution of the question requires a review of the record.

Prior to 1936, both tracts were owned by W. L. Persons, the father of the defendants. In 1936, W. L. Persons quitclaimed the 20-acre tract to Rosa Persons, the mother of appellants, as a part of a divorce settlement. After several conveyances, the 20-acre tract was eventually acquired by plaintiff, Mrs. W. A. Russell, in 1976. In 1972, W. L. Persons conveyed the 50-acre tract to the defendants. The appellants have owned the 50-acre tract continuously since that time.

The evidence is conflicting as to whether the 50-acre tract and the 20-acre tract were actually contiguous or adjoining one another. Melbourn Persons testified that the 20-acre tract does not adjoin the 50-acre tract as plaintiff contends, but is situated a short distance northwest of the 50-acre tract. Ray Vannoy, a registered land surveyor called by defendants, testified that he made actual field measurements to locate the corners of the respective tracts. He testified that the 20-acre tract did not adjoin or touch the 50-acre tract at any point,

but, instead, the 20-acre tract was situated to the west of the 50-acre tract. A plat prepared by Mr. Vannoy summarizing the results of his work was admitted into evidence, a copy of which is attached at the conclusion of this opinion.

Jerry McPherson testified that he built a fence on the property line between the 20-acre tract owned by plaintiff and the Upchurch land in 1978. According to his testimony the fence terminated on the south property line of the 50-acre tract and then ran in a westerly direction a short distance along the boundary line of the two tracts and then continued west with the south end of the Ingersoll tract.

In her brief plaintiff-appellee summarizes the testimony of the surveyor Vannoy and the witness, Jerry McPherson, as follows:

There was a disagreement in the testimony of the surveyor, Mr. Ray Vannoy, and Mr. Jerry McPherson, witness for the Appellant, as to where the fence line between Mrs. Upchurch's land and Appellee's 20-acre joined the western boundary of the Ramon Garcia Survey and the eastern boundary of the Finley Survey. Mr. Vannoy testified that the fence line between Mrs. Upchurch and the appellee joined the survey line on Mr. Ingersoll's eastern line some 200 feet in a southerly direction from the southeast corner of the 50-acres which was the northwest corner of Mr. Ingersoll's land. Mr. McPherson testified that the boundary line between Mrs. Upchurch and the Appellee's boundary line of the 20-acres joins the eastern boundary line of the 50-acres owned by Appellants on its eastern boundary line, some 35 feet from Ingersoll's northeast corner and the southeast corner of the 50-acre Persons tract.

Appellee then makes the following statement in her brief:

If Mr. Vannoy's interpretation of the locations on the ground are correct, the 20-acre tract would be adjacent to the 50-acre tract, but not adjoining or contiguous. If Mr. McPherson's testimony is

correct, the 20-acre tract would adjoin the 50-acre tract.

The testimony shows that in 1936, appellant's father used what is described as a "plow trail" to get to the 20-acre tract from the 50-acre tract. The plow trail did not go directly from the 50-acre tract onto the 20-acre tract but went from the 50-acre tract across the southeast corner of the Ingersoll tract to the 20-acre tract. The plow trail was fenced shut by Mr. W. L. Persons in 1936 when he enclosed the 50-acre tract. The entire 50-acre tract has been fenced continuously since 1936 and since that time appellants have not permitted anyone to use the 50-acre tract for access to the 20-acre tract.

Appellee testified that the owners of the Ingersoll land had refused to allow her to cross the southeast corner of their property or along the old plow trail in order to gain access from her tract to the 50-acre tract.

"It is well settled that where there is conveyed a tract of land which is surrounded by the grantor's land, or by his and that of third persons, and to which the grantee can only have access to or egress from through lands other than that conveyed, the grantee has a right-of-way by necessity over the remaining lands of the grantor." *Bains v. Parker*, 143 Tex. 57, 182 S.W.2d 397 (1944); 21 Tex.Jur.2d Easements sec. 20, P. 143.

A way of necessity, however, is dependent on unity of ownership of the dominant and servient estates, followed by a severance thereof. 25 Am.Jur.2d Easements and Licenses sec. 35, p. 448–9.

■ In order to establish an easement based upon an implied grant of a way by necessity, it is essential that the claimant establish that prior to severance, his grantor owned the dominant and servient estate as a unit. This, of course, means that the dominant and servient estate must be contiguous. In the instant case, the testimony is conflicting upon whether W. L. Persons, the original grantor, ever owned the 50-acre tract and the 20-acre tract as a unit. Ac-

cording to the testimony offered by appellee, the north end of the 20-acre tract abutted the south side of the 50-acre tract for a distance of approximately 35 feet. Appellants, on the other hand, offered the testimony of a surveyor who testified that two tracts were separated from one another by a distance of 200 feet. If the surveyor's testimony is correct, two separate and distinct tracts were involved in which event no dominant or servient estate was created.

Inasmuch as the testimony creates a material issue of fact on the issue of whether unity of ownership of the two tracts existed at the time of the conveyance of the 20-acre tract to appellee's predecessors in title, we hold that the trial court erred in withdrawing the case from the jury and rendering judgment granting an easement in favor of appellee. *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976); Sec. 3 McDonald, Texas Civil Practice, sec. 11.28.2 (1970).

It follows from what we have said that we are not in accord with appellee's contention that she was not required to establish unity of ownership, but was only required to show that the original grantor, W. L. Persons, owned the two tracts and that the tracts were adjacent, i.e., neighboring or close by or in the vicinity of one another. If the two tracts were separate and apart and not contiguous, it would serve no useful purpose to grant appellee an easement over appellants' land since she would have no way of reaching the easement without going across other land owned by strangers.

We do not reach appellants' points contending that appellee's claim was barred by limitations inasmuch as it remains to be determined whether appellee can establish unity of title, in the absence of which the question of limitations based on adverse possession would not arise.

The judgment is reversed and the case is remanded.

McKAY, J., not participating.