Phil B. KOONCE et ux., Petitioners,

v.

J.E. BRITE ESTATE, Respondents.

No. C–2396.

Supreme Court of Texas.

Jan. 25, 1984.

**452**

Thorne, Peeler and Rayes, Donna S. Rayes, Pleasanton, for petitioners.

Franklin & Franklin, R. Thomas Franklin, Jourdanton, for respondents.

ROBERTSON, Justice.

The Estate of J.E. Brite, acting by and through its Successor Administrator, filed suit to obtain a declaratory judgment establishing an implied easement by necessity across land owned by Genevieve Koonce, wife of Phil Koonce. The trial court rendered judgment awarding the Brite Estate an easement across Mrs. Koonce's property, and the court of appeals affirmed. 655 S.W.2d 329. We reverse those judgments and render judgment that the J.E. Brite Estate take nothing.

The Estate of J.E. Brite is the owner of a ten acre tract landlocked from public access. This acreage is part of a larger tract originally purchased by J.E. Brite and his wife Mabel in 1931. After Mabel's death J.E. Brite became the sole owner of the ten acres pursuant to her will. On the death of J.E. Brite, the tract became part of the J.E. Brite Estate and the dominant estate benefiting from the trial court's judgment establishing an implied easement by necessity.

The servient estate which would be burdened by the trial court's order is a 142 acre tract owned by Genevieve Koonce. The 142 acres is part of an original 284 acres owned by Genevieve Koonce and Mabel Brite, wife of J.E. Brite, as tenants in common. Mabel's undivided one-half interest in the 284 acres also passed to her husband, J.E. Brite, under the terms of her will. Thereafter,

J.E. Brite, by deed executed a partition of the 284 acres between himself and Genevieve. It is the 142 acres set aside for Genevieve on partition which constitutes the servient estate.

Texas case law establishes that when a grantor conveys part of a tract of land while retaining the remaining acreage for himself there is an implied reservation of a right of way by necessity over the land conveyed, when no other access exists. *Bains v. Parker,* 143 Tex. 57, 182 S.W.2d 397 (1944). The elements needed to establish an implied easement by necessity are: (1) unity of ownership prior to separation; (2) access must be a necessity and not a mere convenience; and (3) the necessity must exist at the time of severance of the two estates. *Duff v. Matthews,* 158 Tex. 333, 311 S.W.2d 637 (1958). The only element controverted before this Court is the presence of unity of ownership prior to the partition.

To establish unity of ownership the claimant must prove prior to severance, his grantor owned the dominant and servient estate as a unit or single tract. *Mitchell v. Castellaw,* 151 Tex. 56, 246 S.W.2d 163, 167 (1952); *Persons v. Russell,* 625 S.W.2d 387 (Tex.App.—Tyler 1981, no writ). There is no evidence the 10 acre tract and the 284 acres were ever owned as a unit by J.E. Brite. Therefore, we hold the J.E. Brite Estate failed to establish the element of unity of ownership between the dominant and the servient estate.

We reverse the judgments of the courts below and render judgment that the estate of J.E. Brite take nothing.