IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00042-CV

 

Dwain Fagan, Sr. and 

Rose Lee Fagan,

                                                                      Appellants

 v.

 

Calvin L. Crittenden and 

Addie L. Crittenden,

                                                                      Appellees

 

 



From the 220th District Court

Bosque County, Texas

Trial Court # 02-10-33702-BCCV

 



DISSENTING Opinion ON MOTION
FOR REHEARING



 








          We
should request a response and address the issues raised in the Fagans’s motion
for rehearing.  Tex. R. App. P. 49.2

Most motions for rehearing do nothing more than
rehash the same arguments made in the original brief on appeal.  This motion for rehearing is different.  This motion for rehearing does three things
that cause me to know that we need to address the issues raised therein.  First, it points out the fact that we did not
address all of the Fagans’s arguments on the single issue addressed in the
opinion.  Second, it points out that,
unlike most appeals, a simple affirmance of the trial court’s judgment on one
theory does not eliminate the need, in this particular appeal, to address each
of the other theories raised on appeal that may support the judgment.  Third, and finally, the motion for rehearing
calls attention to the fact that this appeal should, but does not, resolve the entire
dispute between the parties.

The
Dispute, the Judgment, and the Findings of Fact

          This is a dispute over access to property.  The original opinion adequately explains the
dispute but unfortunately does not fully resolve it.  The trial court’s judgment contains the
following statement:  “It is Declared
that there exists a right of way and easement as described on Exhibit ‘A’,
attached to and incorporated in this judgment by reference, for all purposes of
residential and agricultural ingress and egress to Plaintiffs’ real property,
the dominant estate.”  The attached
exhibit “A” is only a metes-and-bounds description of the area of the “right of
way and easement” and contains no description of the scope of the rights of the
dominant estate owner for the uses of the area defined by the survey.

The judgment also provides the “easement is
appurtenant to Plaintiffs’ real property described above, and crosses the
servient estate….  That easement further
includes the right to maintain telephone lines therein, to trim branches from
trees on the property of Defendants abutting the easement, and the right to mow
and maintain the right-of-way to keep the easement clear, safe, and
useable.”  The judgment also includes a
permanent injunction which prohibits the Fagans from “blocking, obstructing or
closing in any manner the easement described….”

While the content of the judgment can easily be
argued as solely referring to an easement, the trial court’s findings make this
argument a bit problematic.  The trial
court’s first finding of fact states: 
“The roadway has been thrown open to public use since the memory of man
runneth not to the contrary.  Its long
use by the public with full knowledge of Defendants’ predecessors in title
amounts to a dedication of the roadway for public use.”  The third finding blends concepts related to
an easement created by implication with an easement created by necessity, then
states:  “Plaintiffs own an easement in
the roadway by necessity.”  The trial
court’s seventh finding states: 
“Defendants are estopped to deny Plaintiffs’ rights and use of the
roadway.”  And the trial court’s ninth
finding states:  “Plaintiffs hold an
easement for access to Plaintiffs’ real property over the roadway by
prescription.”

The
Appeal

The Fagans conceded they had their work cut out
for them on appeal, acknowledging they would need to defeat every ground on
which the judgment could be based that had support in the findings of
fact.  See Tex. R. App. P.
299.  The Fagans argued the judgment
could not be supported on the theories of 1) a public roadway, 2) easement by
estoppel, 3) easement by necessity, 4) easement by prescription, or 5) easement
by implication.  They also attacked the
award of attorney’s fees.  The Crittendens
did not argue that any theory other than those attacked by the Fagans supported
the judgment.

In our original opinion, we determined only the
issue of whether the judgment could be supported on the theory of implied
easement.  Finding the necessary support
in the record for the implied finding of an implied easement, we determined
that we did not need to decide the issues regarding the other theories.  I now believe this was error.  The relative rights and responsibilities of
each theory are different.  Most notable,
the rights and responsibility regarding the dedication of a public roadway are
profoundly different than an easement by implication.  

The Problems:

Different Theories Equal Different
Rights

and

The Dispute is Not Resolved

 

Litigation is supposed to put an end to the
disputes between the parties.  Without
resolution of the question—“Upon which theory is the judgment based?”—we are
nothing more than a relay station in this dispute between these parties.  The inevitable questions of what rights does
the servient owner retain to exercise over the property is bound to be bitter
and protracted.  In any event, I do not
think we have resolved our most fundamental of tasks, to decide the issues
presented to us by the parties that are necessary to the final disposition of
the appeal.  Tex. R. App. P. 47.1. 
A determination that the judgment did not establish the disputed
property as a public road will have profound consequences upon the Fagans’s
rights to control activities on the road, in addition to the ability to control
the activities of the Crittendens on the road. 
By the way, who must pay taxes on this public road?  If the road washes out due to heavy rains,
who must repair it?  Who can travel
it?  If only an easement exists, can the
public go as far up the easement as needed to get to the Hill Cemetery, travel for which it has been intermittently
used in the past?

Accordingly, I would address each theory upon
which the judgment could be based, primarily to define for the parties what
rights and responsibilities each party has in and to the property described in
Exhibit A.  




The Argument We Did Not Address

I do find it interesting to note that due to an
oddity in this case, it appears that the only theory that will actually support
an easement over the entire area described on Exhibit A to the judgment is an
easement by necessity.  The oddity is
that the area described by the metes-and-bounds description runs the full
length of the Fagans’s western property line. 
The road does not.  Toward the
southern end of Exhibit A, the road veers off the property, entirely off the
Fagans’s tract, and clips across the corner of property owned by Collins before
the road actually reaches the Crittendens’s property.  

The area at the southern end of the tract
described by Exhibit A, that portion which lies beyond the hook in the road and
the Crittendens’s tract, is not adversely possessed and was apparently never
used as part of the roadway.  Thus, this
hook in the road would keep this small area from being part of an easement by
prescription (never adversely possessed) or an easement by implication,
estoppel, or public road (never used as a part of the road).  Thus the only theory that could support an
easement that runs the full length of the property, without regard to the hook
in the existing road, is an easement by necessity because this theory needs no
road at all for its validity.  See Koonce v. Brite Estate, 663 S.W.2d
451, 452 (Tex. 1984). 
The other theories, however, may very well support so much of the area
described on Exhibit A that was actually used as a road.[1]  

It is this oddity, and its impact on the
easement by implication finding, that was argued by the Fagans as defeating the
finding, that we completely failed to address in the original opinion on the
merits.  The Fagans strenuously argued
that for an easement by implication to exist, the road cannot cross another
tract, in this case, Collins’s property. 
We failed to address this argument and thus failed to comply with the
Rules of Appellate Procedure.  See Tex.
R. App. P. 47.1.

In
Closing

Accordingly, this is one of those rare instances
in which the motion for rehearing has called to my attention the need to
address all of the theories argued in support of the judgment, because, in this
instance, different theories have different consequences.  We should decide which theories will support
the judgment, if any, then reform the judgment to only those theories, if any,
that support the judgment, or reform the judgment and base it only on those
theories which we have decided find support in the record.  See
Drye v. Eagle Rock Ranch, Inc., 304 S.W.2d 196 (Tex. 1963); Johnson
v. Dale, 835 S.W.2d 216 (Tex. App.—Waco 1992, no pet.)(addressing easement
by deed, by prescription, by implication, and by necessity, and reforming the
judgment to base it only on those theories finding support in the record.  I do note, however, that easement by estoppel
was not decided.).  At the very least we
should decide the Fagans’s issues regarding dedication of a public road and
determine whether the rights under any of the various easement theories provide
differing rights.  It may be that the
rights of an easement by implication, prescription, and estoppel are the
same.  We know, however, that the area
for these easements cannot support the entirety of area described in the
judgment.




CONCLUSION

For these reasons I can no longer join in the
judgment rendered by this Court on February 23, 2005.  I
respectfully dissent to the judgment, and the Court’s failure to address these
issues by its summary denial of the motion for rehearing.

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

Dissenting
opinion on motion for rehearing delivered and filed April 13, 2005

Publish











[1] I have not attempted to determine if it is
appropriate to define a metes-and-bounds description to an easement created in
any manner other than as easement by deed. 
The physical size of the easement described on Exhibit A or its uses as
described in the judgment, has not been directly attacked in this appeal.