# NO. 12-12-00260-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK LOLLAR,*<br>*APPELLANT* | § | *APPEAL FROM THE FOURTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KENNETH W. LANGFORD,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Lollar appeals the trial court's summary judgment granting an easement by necessity across his land for the benefit of Kenneth W. Langford. In two issues, Lollar argues Langford failed to establish that the two properties shared a common source of title and that the easement was necessary to cross Lollar's property at the time of the severance. We reverse the trial court's judgment, and remand for further proceedings.

### BACKGROUND

Langford and Lollar own neighboring tracts of land. Langford inherited his property from his father in 1984, and Lollar purchased his property from his father in 2000. After Lollar acquired his property, Langford made several attempts to obtain an easement across Lollar's property that would provide Langford access to his property. When those efforts proved unsuccessful, Langford sued Lollar seeking an easement by necessity.

Langford moved for summary judgment. He attached a personal affidavit to his motion, which included the following assertions:

> [Langford] own[s] a piece of property that is adjacent to property owned by [Lollar].
> [Langford] inherited the property from [his] father in 1984. [His] father and [Lollar's father] had a "Gentlemen's Agreement" with regard to an easement across the property. This agreement was honored by [Langford] and [Lollar's father] as well. Once [Lollar] began ownership

of his father's property, several attempts were made to obtain a permanent easement to gain access to [Langford's] property.

      Lollar's property has effectively landlocked [Langford's] property since the time [Lollar] took ownership of the property.

      No other roads existed at the time of the division of these properties which provided access to [Langford's] property, and the boundaries of [Langford's] property and Lollar's property have not changed since the time of this severance.

      Beginning at the time of the severance[,] access to [Langford's] property was available by using a right of way that crossed Lollar's property. This was how [Langford] accessed [his] property, until Lollar blocked [Langford] from using the right of way, the event which precipitated this lawsuit.

      This right of way across Lollar's property is both reasonably and strictly necessary to allow [Langford] access to [Langford's] property. There is no other road providing access to [Langford's] property, County Road 3271 is the nearest public road to [Langford's] property, and reaching County Road 3271 requires crossing Lollar's property on the right of way [Langford] had used previously.

Additionally, Langford attached to his motion an unsigned and undated partition deed that referenced several tracts of land. One of those tracts may have been Langford's property, although it is not clear in the record. He also attached a signed and dated deed evidencing that Lollar purchased his property.

Lollar responded that summary judgment was not proper for several reasons, including that (1) Langford's proof failed to conclusively establish a unity of ownership of both Langford's and Lollar's property prior to separation, (2) Langford failed to prove that access across Lollar's land was necessary, and (3) he likewise did not provide any evidence that the necessity existed at the time of severance. Lollar also included a personal affidavit as part of his response in which he asserted that Lollar's father did not agree to an easement across the property, no one had used an easement across Lollar's property in approximately forty-five years, and Langford has reached his property by crossing the property of another neighbor. Langford then filed a reply to Lollar's response, and the motion was submitted to the trial court.

The trial court granted Langford's motion for summary judgment, and ordered that Langford is entitled to an easement by necessity across Lollar's property as a matter of law.[1] Lollar filed a motion for new trial, which the trial court denied. This appeal followed.

---

[1] In his motion for summary judgment, Langford also alternatively sought an implied easement by prior use. However, he did not ask for, or otherwise plead facts to support, an implied easement by prior use. Moreover, Langford did not contend in his brief that he was entitled to such an easement. Finally, the trial court granted only an implied easement by way of necessity. It is clear from the record that the parties and the trial court understood the difference between these related, but distinct, types of easements. Consequently, we address only the propriety of an implied easement by way of necessity.

In both of his issues, Lollar argues that the trial court erred by granting judgment as a matter of law to Langford. In his first issue, he contends that summary judgment was improper because Langford failed to establish that both tracts of land shared a common source of title. In Lollar's second issue, he contends that summary judgment was improper because Langford failed to establish the necessity of the easement at the time of the severance.

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When the movant seeks summary judgment on a claim in which he has the burden of proof, he must prove all elements of his cause of action as a matter of law. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review de novo the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

## Applicable Law

"It is 'universally recognized' that—'without aid of language in the deed, and indeed sometimes in spite of such language'—the circumstances surrounding an owner's conveyance of part of a previously unified tract of land may cause an easement to arise between the two new parcels." *Seber v. Union Pac. R.R. Co.*, 350 S.W.3d 640, 647 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (quoting *Mitchell v. Castellaw*, 246 S.W.2d 163, 167 (Tex. 1952)). There are two types of implied easements in Texas: easements implied by necessity and easements implied by prior use. *See id.* at 648.

Regarding easements implied by necessity, "[i]t is well settled that where there is conveyed a tract of land which is surrounded by the grantor's land, or by his and that of third persons, and to which the grantee can only have access to or egress from through lands other than that conveyed, the grantee has a right-of-way by necessity over the remaining lands of the grantor." ***Persons v. Russell***, 625 S.W.2d 387, 390 (Tex. App.—Tyler 1981, no writ) (quoting ***Bains v. Parker***, 182 S.W.2d 397, 399 (Tex. 1944)). An implied easement by necessity may be created when access to the conveyed or retained parcel is unavailable except by traveling over the remaining tract of land. *See **Koonce v. Brite Estate***, 663 S.W.2d 451, 452 (Tex. 1984). A party seeking an easement by necessity must show (1) unity of ownership of both parcels existed prior to separation, (2) access across the servient parcel is necessary and not a mere convenience, and (3) the necessity existed at the time of severance. ***Id.***

The relevant time to determine unity of ownership and necessity of the easement is when the easement was allegedly created, that is, at the time of severance. *See **Ingham v. O'Block***, 351 S.W.3d 96, 101 (Tex. App.—San Antonio 2011, pet. denied). "The way of necessity must be more than one of convenience. For, if the owner of the land can use another way, he cannot claim by implication to pass over land of another to get to his own." ***Daniel v. Fox***, 917 S.W.2d 106, 111 (Tex. App.—San Antonio 1996, writ denied).

An easement by necessity is temporary; it continues only so long as the necessity exists and terminates upon the cessation of the necessity. ***Bains***, 182 S.W.2d at 399. Although an easement by necessity terminates when the necessity ceases, this does not mean that the grantor has the authority to pick and choose which route the grantee can use. ***S & G Associated Developers, LLC v. Covington Oaks Condo. Owners Ass'n, Inc.***, 361 S.W.3d 210, 220 (Tex. App.—El Paso 2012, no pet.). Once the location of an easement by necessity is established, it cannot be changed without the consent of both parties. ***Samuelson v. Alvarado***, 847 S.W.2d 319, 323 (Tex. App.—El Paso 1993, no writ).

**Discussion**

In his second issue, Lollar argues that Langford failed to establish as a matter of law that the easement over the adjacent landlocked tract was necessary at the time of severance. Thus, we assume, without deciding, that Langford's evidence conclusively proved unity of title prior to severance of Langford's and Lollar's land.

Langford relied on his affidavit attached to his motion for summary judgment to conclusively prove that an easement across Lollar's land was necessary at the time of the severance.[2] That affidavit contains three assertions potentially relevant to this issue. We address each in turn.

First, Langford alleged that "Lollar's property has effectively landlocked [Langford's] property since the time Mark Lollar took ownership of the property." That assertion focuses on the wrong time period. While the record is unclear when the alleged severance of the properties occurred, it definitely did not occur when Lollar purchased the property from his father.

Second, Langford contended that "[n]o other roads existed at the time of the division of these properties which provided access to [Langford's] property . . . ." This assertion is evidence that Langford's property is not served by a road and that Langford must cross through some other property to gain access to his property. But, without knowing the location of Langford's and Lollar's land in relation to neighboring properties, and how those properties have been used historically to determine the necessity of the easement, we cannot say that Langford's assertion is conclusive proof that he must have an easement across Lollar's land. Langford may have had access to his property across another neighbor's land, or the grantor for Langford's land could have been another neighbor, rendering an easement across Lollar's land unnecessary.

Third, Langford asserted that, "[b]eginning at the time of the severance[,] access to [Langford's] property was available by using a right of way that crossed Lollar's property." This assertion is evidence that Langford has used Lollar's property for access to his property, but again, it is not conclusive proof that he must have an easement across Lollar's land. Without evidence of the underlying facts regarding the severance, we have no way of determining whether it was necessary at the time of severance that Lollar's property be burdened by an implied easement.

Simply put, without more information, Langford's proof fails to establish all elements of his cause of action. *See* ***Rhône-Poulenc, Inc***, 997 S.W.2d at 223; *see also* ***Ingham***, 351 S.W.3d at 102 (holding plaintiff failed to provide evidence that easement was necessary when estate was severed in 1922, even though properties had changed owners since then and road may have been

---

[2] Langford attached an additional personal affidavit to his reply to Lollar's response to the motion for summary judgment. That affidavit did not address the necessity of the easement at the time of the severance of the properties. Further, in his brief, Langford focuses solely on the assertions in his first personal affidavit on this issue.

subsequently necessary for access to property).  Thus, Langford failed to establish that he was entitled to judgment as a matter of law, and the trial court's grant of his motion for summary judgment was improper.  We sustain Lollar's second issue, and therefore we need not address his first issue.  *See* Tex. R. App. P. 47.1.


<u>**DISPOSITION**</u>

Having sustained Lollar's second issue, we ***reverse*** the judgment of the trial court and ***remand*** the case for further proceedings consistent with this opinion.


**<u>BRIAN HOYLE</u>**
Justice



Opinion delivered February 6, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2013**

**NO. 12-12-00260-CV**

**MARK LOLLAR,**
Appellant
V.
**KENNETH W. LANGFORD,**
Appellee

---

Appeal from the 4th Judicial District Court
of Rusk County, Texas. (Tr.Ct.No. 2011-327)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** consistent with this opinion and that all costs of this appeal are hereby adjudged against the Appellee, **KENNETH W. LANGFORD**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*