**Opinion issued March 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00045-CV

————————————

## JOHN SLOAN AND ROBERT SLOAN, Appellants

## V.

## CHARLES HILL AND PATRICIA HILL, TRUSTEES OF THE CHARLES E. HILL AND PATRICIA D. HILL FAMILY TRUST, Appellees

---

On Appeal from the 21st District Court
Washington County, Texas
Trial Court Case No. 34336

---

## MEMORANDUM OPINION

Appellants, John Sloan and Robert Sloan (collectively, "the Sloans"),

challenge the trial court's rendition of summary judgment in favor of appellees,

Charles E. Hill and Patricia D. Hill, trustees of the Charles E. Hill and Patricia D.

Hill Family Trust (collectively, "the Hills"), in the Sloans' suit against the Hills seeking an easement over the Hills' property. In seven issues, the Sloans contend that the trial court erred in granting the Hills summary judgment.

We affirm.

## Background

In their second amended petition, the Sloans alleged that, pursuant to deeds acquired from Leveary Sloan on May 14, 1973, they own real property adjacent to real property owned by the Hills. They "have no access" to their property, and the Hills' adjacent property "provides the most direct route for access to the nearest public road." The Sloans had traversed across the adjacent property for many years before the Hills first acquired the adjacent property on or about August 12, 1987. In 1953, and then again in 1977, the Hills' predecessors in title made a parol grant of an easement to the Sloans and their father allowed access across their land, and the grant was "confirmed and ratified on a number of occasions." The Sloans, "[i]n reliance on the oral pronouncements" of the easement, "continuously used the said right-of-way" and "made valuable and costly improvements . . . to make the said easement viable." However, in 2006, the Hills "suddenly closed off" access to their property. The Sloans asserted that the Hills were estopped from denying the existence of the easement, and they asked the trial court to grant them a prescriptive easement across the Hills' property.

2

In their original answer, the Hills generally denied the allegations and raised various affirmative defenses. The Hills then filed a no-evidence summary-judgment motion, asserting that the Sloans had claimed an easement (1) by necessity, (2) a parol grant, and (3) by estoppel. The Hills asserted that the Sloans had "no evidence of the following facts necessary to support the easement theories," including,

(1.)    There is no written instrument executed by [the Hills] or any predecessor in title of [the Hills] granting the claimed easement;

(2.)    There has never been unity of title between the property of [the Sloans] and the property of [the Hills];

(3.)    There are no permanent improvements erected on the property of [the Sloans] in reliance upon any claimed easement across [the Hill property];

(4.)    Neither [the Hills] nor any predecessor in title of [the Hills] made any representations or affirmative conduct to [the Sloans or their] predecessor in title regarding any easement across the Hill property;

(5.)    There is no evidence that [the Sloans] or any predecessor in title . . . relied on any such promise or affirmative conduct of any easement across the Hill property;

(6.)    There was no detriment to [the Sloans] in reliance on any such promise or affirmative conduct;

(7.)    There is no vendor/vendee relationship between [the Sloans] and [the Hills or their] predecessors in title;

3

(8.) Any claimed use by [the Sloans or their] predecessors in title was not exclusive, open, and hostile towards [the Hills or their] predecessors in title for the required time;

(9.) [Neither the Sloans nor their] predecessors in title have exclusively used the claimed easement;

(10.) That upon any severance of the Sloan Property and the Hill Property that there was a necessity of the claimed easement;

(11.) That at the time of any severance of the Sloan Property and the Hill Property the claimed easement was in continuous and apparent use;

(12.) That at the time of any claimed severance of the Sloan Property and the Hill Property the claimed easement was necessary to the use and enjoyment of the Sloan Property.

Two days after the Hills filed their no-evidence summary-judgment motion, the Sloans filed a third amended petition. They attached to the petition the affidavit of Sarah Montgomery, the daughter of John Sloan, who presented the affidavit in lieu of her father because he was "in poor health." She testified that the Sloan and Hill properties both derived from a larger piece of property owned by her great-grandfather, Ephram Wise. Wise bestowed the property now owned by the Sloans to Leveary Sloan, Montgomery's grandmother. He bestowed the property now owned by the Hills to Grace Hightower Hill, Charles Hill's mother. Grace and her husband, J.D. Hill, allowed the Sloans to use "the side of their property along the fence . . . for access in and out to our property," following a

4

road through the Hills' property to Wolf Creek Road, a main road which the Sloans could access only by traversing the Hills' property. The Sloans "put a gate in the front of the road" on the Hills' property, installed a lock on the gate, and "put in" a culvert across a creek on the Hills' property. The Sloans used the roadway for sixty years, during which time the Hills moved away and then returned, with no objections from the Hills. However, in 2007, Charles and Patricia Hill acquired the property, "tore down the gate," and "put up a new gate with their own lock." As a result, the Sloans had not been able to access their property for three years or more.

The Sloans then filed their response to the Hills' no-evidence summary-judgment motion, attaching their third amended petition, Montgomery's affidavit, and the depositions of Charles Hill and John Sloan, whose testimony was similar to Montgomery's. Charles testified that he acquired the property from his cousin, Debra Ann Mosley Todd, who inherited the property from her mother. He was aware of a trail at the back of the property "[l]ike someone had been driving through" or "trespassing," and his uncle indicated that he "gave John [Sloan] permission" to use the trail. After Charles built a home on the property, he put a lock on the gate that provided access to the trail. The Sloans also attached to their response a letter from Edwin H. Fisher, who stated that Craig Lesser had walked

the properties involved in the case. Fisher attached to his letter a map of the properties and pictures of the trail.

In their reply, the Hills objected that pleadings are not proper summary-judgment evidence and Montgomery's testimony was not based on her personal knowledge and "violated the best-evidence rule." They objected to both Montgomery's and Sloan's testimony as conclusory and containing hearsay. And they also objected to Fisher's letter as "unsworn, self-serving hearsay."

The trial court sustained the Hills' objections to the Sloans' summary-judgment evidence, partially granted the Hills' summary-judgment motion on the Sloans' claim regarding the parol grant of an easement, and reset for a later date its consideration of the remainder of the summary-judgment motion. The Hills then filed with the Court an affidavit from Charles Hill, who testified that he acquired the property from his cousin, Deborah Ann Mosley, not Grace Hill, as asserted by the Sloans. He explained that Grace Hill, his mother, owned a "separate and distinct tract" and had never owned any of the property now owned by Charles Hill. Finally, Hill stated that John Sloan requested that he be given an easement and, after Charles Hill declined to grant him an easement, Sloan "installed the culvert as a trespasser upon [the] property" without the Hills' permission or knowledge.

The Sloans filed a supplemental response to the summary-judgment motion, attaching an affidavit from Robert Sloan, who testified that he had reviewed "several documents . . . relating to the family history and this property" and "lived on the property of my mother growing up as a child." He explained that the Hills' predecessors-in-title, Grace and L.J. Hill, had allowed the Sloans to cross their property. And the Sloans kept a trailer on their property until 2007, when the Hills replaced the Sloans' lock and placed "No Trespassing" signs on the property.

In their amended reply, the Hills made the same previous objections to the Sloans summary-judgment evidence, asserting that Robert Sloan's testimony was "conclusory" and "contain[ed] hearsay." After a hearing on November 10, 2011, the trial court granted the Hills summary judgment on the remaining claims brought by the Sloans.

## Adequate Time for Discovery

In their first issue, the Sloans argue that "[t]he trial court lacked jurisdiction to grant a no-evidence summary judgment because there was no pretrial ordered discovery by the court" and "adequate time was not allowed for discovery." *See* TEX. R. CIV. P. 166a(i). They assert that the trial court's order granting summary judgment "was a total surprise . . . where the record is totally void of any pretrial Discovery Order."

7

We review a trial court's determination of whether an adequate time for discovery has passed under an abuse of discretion standard. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to any guiding rules or principles." *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex. 1999).

Rule 166a(i) provides:

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX. R. CIV. P. 166a(i). "Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific." *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.). Rule 166a(i) does not require that discovery must have been completed, only that there was "adequate time." *Fuqua*, 29 S.W.3d at 145. To determine whether adequate time for discovery has elapsed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery;

8

(6) the amount of discovery already completed; and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Rest. Teams Int'l, Inc.,* 95 S.W.3d at 339; *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied).

Of the above factors, the Sloans point only to the nature of the case and the nature of evidence in this case, arguing that it "is complicated . . . by old deed records which have gaps and confusion." They argue that because there is a dispute as to how the Hills acquired their property, there existed a "need for expert evidence regarding the deed records." However, the Sloans do not point to anything in the record indicating that the requisite deed records had "gaps" or "confusion." And, generally, a trial court may presume that a plaintiff has investigated his own case prior to filing. *See, e.g., Carter v. MacFayden*, 93 S.W.3d 307, 311 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

More importantly, the Hills' summary-judgment motion was not filed until July 26, 2011, more than two years after the Sloans filed their original petition. And the trial court did not set the final hearing on the summary-judgment motion until more than three months after it was filed. *See, e.g., Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding

9

that adequate time for discovery had passed where case had been on file for more than one year when trial court granted summary judgment); *Rest. Teams Int'l*, 95 S.W.3d at 340 (holding that adequate time for discovery had passed where case had been pending for seven months, even though no discovery order was entered by the trial court).

Although the Sloans now complain that the trial court did not enter a discovery order, there is nothing in the record indicating that they requested the trial court to enter such an order. The "Level 2" discovery control plan of the Texas Rules of Civil Procedure applies to cases involving more than $50,000 when another discovery control plan has not been entered by the court. *See* TEX. R. CIV. P. 190.3(a). According to rule 190.3, the Level 2 discovery period begins when the suit is filed and ends the earlier of (1) thirty days before trial, or (2) nine months after the earlier of the first oral deposition or the due date of the first response to written discovery. TEX. R. CIV. P. 190.3(b)(1)(B).

Here, the record indicates that the first depositions in this case took place on September 14, 2010; thus, pursuant to a Level 2 discovery plan, the discovery period would have ended on June 14, 2011, more than one month before the Hills filed their summary-judgment motion. In their response to the Hills' summary-judgment motion, filed on August 24, 2011, the Sloans did ask for a "continuance of the summary judgment hearing" because there was not "adequate time to

10

conduct discovery, and discovery is still ongoing." They specifically asserted that "[t]he deposition of a significant fact witness" was scheduled for August 25, 2011, and the trial court later reset the final hearing on the case for November 10, 2011. At no point in their subsequent filings did the Sloans ask the trial court for another continuance or assert that further discovery was needed. *See Carter*, 93 S.W.3d at 311 (holding adequate time for discovery period had passed for trial court to grant defendant's no-evidence summary-judgment motion where plaintiffs never indicated to the trial court "why the months past were insufficient for adequate discovery, or what specific discovery needed to be completed"). And although the Hills filed their summary-judgment motion after the discovery period had passed pursuant to a Level 2 discovery plan, at no time did the Sloans request stricter deadlines for discovery. *Cf. Rest. Teams Int'l*, 95 S.W.3d at 341–42 (holding this factor weighed in favor of inadequate time for discovery where plaintiffs filed their motion before discovery period had elapsed).

On this record, we cannot conclude that the trial court abused its discretion in determining that adequate time for discovery had elapsed on the Sloans' easement claims and deciding the Hills' no-evidence summary-judgment motion.

We overrule the Sloans' first issue.

**Summary-Judgment Motion Form**

In their second issue, the Sloans complain that the Hills' summary-judgment motion did "not unambiguously state that it [was] filed under Rule 166a(i) and [did] not strictly comply with the requirements of Rule 166a(i)." In their third and seventh issues, the Sloans complain that the Hills, in their motion, "must specifically name the element[s] challenged," "conclusively prove all essential elements of the cause of action as a matter of law," and "address all of the causes presented in the cause of action."

The Sloans first seem to argue that the Hills' summary-judgment motion was defective because it did not "unambiguously" state that it was made pursuant to rule 166a(i). However, the Hills explicitly titled their motion as a "No-Evidence Motion for Summary Judgment." Each subsequent reply and response by the parties referred to the original motion as a "no-evidence" summary-judgment motion, and, at the November 10, 2011 hearing, both parties argued the motion as a no-evidence challenge. Thus, despite the fact that the Hills did not specifically cite rule 166a(i) in their motion, we hold that it was nevertheless "unambiguously" a no-evidence summary-judgment motion.

The Sloans next assert that the Hills, in their motion, made "no mention of the Easement by Prescription . . . as it is stated in [the Sloans'] Third Amended Petition" and did "not challenge any of the causes that [the Sloans] have presented

in this action."  In their summary-judgment motion, the Hills specifically noted that,

> [The Sloans have] claimed an easement across the property of [the Hills] upon the following theories:
>
> (1.)  Easement by necessity;
>
> (2.)  Parol grant of easement;
>
> (3.)  Easement by estoppel[.]

And the Hills contended that the Sloans did not have any evidence of twelve certain facts "necessary to support the easement theories."

When a party moves for summary judgment on the ground that there is no evidence of one or more essential elements of the non-movant's claims, the movant must specifically state the elements of the non-movant's claims as to which there is no evidence.  TEX. R. CIV. P. 166a(i); *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  The comment to rule 166a(i), which is intended to inform the construction and application of the rule, states, "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."  TEX. R. CIV. P. 166a(i) (cmt. 1997). "The underlying purpose of this requirement 'is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment.'"  *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311

(Tex. 2009) (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). The Texas Supreme Court has "analogized this purpose to that of the 'fair notice' pleading requirements of Rules 45(b) and 47(a)." *Id.* (citing *Westchester Fire*, 576 S.W.2d at 772–73).

As to the elements of an easement by prescription, such a claim must be established by "the open, notorious, hostile, adverse, uninterrupted, exclusive and continuous use of the servient estate for a period of more than ten years, and the absence of any of these elements is fatal to the prescriptive claim." *Allen v. Allen*, 280 S.W.3d 366, 377 (Tex. App.—Amarillo 2008, pet. denied); *see also Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex. 1979) ("To obtain a prescriptive easement one must use someone else's land in a manner that is open, notorious, continuous, exclusive, and adverse for the requisite period of time."). "The use of the property must be exclusive, in that the claimant excluded or attempted to exclude all other persons, especially the property owner, from using the same land for the same purpose." *Allen*, 280 S.W.3d at 377–78. Furthermore, "the owner of the servient estate must have actual or constructive notice that there was an adverse and hostile claim against the property." *Id.* at 378. "If there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that

14

knowledge on the part of the owner will be presumed." *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954).

Here, although the Hills did not list "easement by prescription" as one of the Sloans' causes of actions, they specifically asserted that any "claimed use" by the Sloans or their predecessors in title "was not extensive, hostile, [or] open" towards the Hills or their predecessors in title "for the required time" and neither the Sloans nor their predecessors in title had ever "exclusively used the claimed easement." Thus, the Hills, in their summary-judgment motion, specifically asserted that the Sloans had no evidence as to the five elements of their claim for an easement by prescription: that the Sloans' use of the claimed easement was not "extensive," "hostile," "open," "exclusive," or "for the requisite time." And in their responses to the Hills' summary-judgment motion and during the final hearing on the motion, the Sloans consistently asserted that they did present more than a scintilla of evidence as to their claim for easement by prescription. We conclude that the Hills' summary-judgment motion specifically challenged the elements of a claim for an easement by prescription, and the record demonstrates that the Sloans had "fair notice" that those elements were at issue in the summary-judgment proceedings. *See* Tex. R. Civ. P. 166a(i); *Gish*, 286 S.W.3d at 311. Accordingly, we hold that the Hills' summary-judgment motion satisfied the requirements of rule 166a(i).

15

We overrule the Sloans' second, third, and seventh issues.

## Summary Judgment

In their fourth and sixth issues, the Sloans complain that they presented "more than a scintilla of evidence" with respect to their causes of action. In their fifth issue, the Sloans complain that the Hills have "the burden of showing that there is no genuine issue of material fact[]."

### *Standard of Review*

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id.* at 549.

As noted above, when a party moves for summary judgment on the ground that there is no evidence of one or more essential elements of the non-movant's claims, the movant must specifically state the elements of the non-movant's claims as to which there is no evidence. TEX. R. CIV. P. 166a(i); *Spradlin*, 100 S.W.3d at 377. The burden then shifts to the non-movant to produce evidence that raises a fact issue on the challenged elements. *Spradlin*, 100 S.W.3d at 377. "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).

*Easement by Necessity*

Easements by necessity arise by implication and are therefore classified as implied, rather than express. *See Othen v. Rosier*, 148 Tex. 485, 226 S.W.2d 622, 626 (1950) (stating that easement by necessity "necessarily can arise only from an implied grant or implied reservation"); *Jordan v. Rash*, 745 S.W.2d 549, 553 (Tex. App.—Waco 1988, no writ) ("An easement of necessity can only arise between a grantor and grantee through an implied grant or reservation."); *Ward v. Bledsoe*, 105 S.W.2d 1116, 1117 (Tex. Civ. App.—Waco 1937, no writ) ("A way of necessity does not arise merely because of inconvenience. It is dependent upon an implied grant or reservation . . . .").

To establish an easement by necessity, a landowner must establish (1) unity of ownership before severance of the estates concerned, (2) that access is a

17

necessity and not a mere convenience, and (3) the necessity existed at the time of the severance of the two estates. *See Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984); *Crone v. Brumley*, 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied); *Mack v. Landry*, 22 S.W.3d 524, 531 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

To establish an implied easement, a party must show (1) unity of ownership between the dominant and servient estates at the time of severance, (2) apparent use of the easement at the time of the grant, (3) continuous use of the easement before the severance of the dominant and servient estates, and (4) that the easement is reasonably necessary to the use and enjoyment of the dominant estate. *Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916, 919 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

For easements by necessity and implied easements, therefore, a party must show unity of ownership between the dominant and servient estates at the time of severance and that the easement is reasonably necessary to the use and enjoyment of the dominant estate. *See Koonce*, 663 S.W.2d at 452; *Houston Bellaire, Ltd.*, 981 S.W.2d at 919. Necessity requires a showing that a grantee has "no way" to access its land without the easement. *See Duff v. Matthews*, 158 Tex. 333, 311 S.W.2d 637, 642–43 (1958); *Payne v. Edmonson*, 712 S.W.2d 793, 796 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also D & KW Family, L.P.*

18

*v. Bidinger*, No. 01-08-00260-CV, 2009 WL 1635216, at *5 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.).

In their summary-judgment motion, the Hills specifically asserted that the Sloans had not presented any evidence of unity of title between the two properties and, upon any alleged severance of the two properties, there was no necessity for the claimed easement. In response, the Sloans asserted only that "there is more than a scintilla of evidence present in this cause of action through various affidavits, maps, recorded deed records, and photos." However, the only maps or photographs in this case were attached to the letter of Edwin Fisher, which the Hills objected to as "unsworn, self-serving hearsay," and the trial court sustained the Hills' objection. And the Sloans did not include any "recorded deed records" in the record before us.

Regarding the affidavits before the trial court, the Sloans provided only the affidavits of Montgomery[1] and Robert Sloan. Both addressed the history of the Hill property as follows:

---

[1] The Hills initially objected to the affidavit of Montgomery as "incompetent summary judgment evidence," "legally insufficient," failing to state the basis of her personal knowledge, violating the best-evidence rule, and conclusory. The Sloans later reattached the Montgomery affidavit to subsequent filings, adding only that she had viewed several documents including warranty deeds, tax documents, purchases, [and] personal letters" relating to the property and had had "conversations" with her father, uncle, grandmother, and grandfather about the properties.

19

This is family property starting with Ephram Wise who is my grandfather and was the person who acquired the property first. The property was one big piece of property, one hundred acres. Ephra[]m Wise gave the land to his children, which included the Pennie family the Sloan family and the Hightower family. One of the Sloan children was [Robert's mother] Leveary Sloan. She in turn gave her share of the property to [Robert] and . . . John Sloan. The Pennie family are still in possession of their part of the property and the Hightowers are still in possession of their share of the property that was given to them from Ephram Wise. Charles Hill is the son of Grace Hightower Hill who was the granddaughter of Ephram Wise.

In their affidavits, neither Sloan nor Montgomery make any reference to the alleged date of severance between the Sloan and Hill properties; they assert only that both properties derived at some point from Ephram Wise. Furthermore, neither affidavit makes any mention of when the use of the claimed easement to Wolf Creek Road, which must have existed as of the date of the severance, first began. *See Koonce*, 663 S.W.2d at 452. And although both Sloan and Montgomery state that the "only way" to access Wolf Creek Road was through the Hills' property, there is no indication that Wolf Creek Road, or the claimed easement through the Hills' property, provided the only access to the Sloans' property; nor is there any evidence that the claimed easement is "reasonably necessary to the use and enjoyment" of the Sloans' property. *See, e.g., Payne*, 712 S.W.2d at 796 (stating that necessity requires a showing that a grantee has "no way" to access its land without the easement); *see also Ross v. Womack*, No. 13-04-571-CV, 2006 WL 3628042, at *7 (Tex. App.—Corpus Christi Dec. 14, 2006,

20

no pet.) (mem. op.) (holding that trial court did not abuse its discretion in granting no-evidence summary-judgment motion on claim for easement by necessity where plaintiff only presented affidavit describing history of property and map of property).

Accordingly, we hold that the trial court did not err in granting the Hills' summary-judgment motion as to the Sloans' claim for an easement by necessity or an implied easement.

### *Easement by Prescription and Parol Grant of an Easement*

Regarding their claims for easement by prescription and parol grant of an easement, the Sloans, in their briefing, make no reference to the elements of either claim and point to no evidence in the record demonstrating that they raised a genuine issue of material fact as to the elements of either claim. Rather, they seem to argue only that the Hills' summary-judgment motion was defective because it "failed to make any mention of the claim of Easement by Prescription," a contention which we have addressed above. Because the Sloans do not make any citation to the facts or law underlying their claims for easement by prescription or "parol grant of an easement," we decline to address their issues as they relate to these claims. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

### *Burden of Proof*

In their fifth issue, the Sloans assert that the Hills presented "no evidence in any form" that refutes their claims. However, this misstates the burden of proof in a no-evidence summary-judgment proceeding. As stated above, once a no-evidence summary-judgment movant states the elements as to which there is no evidence to prove the non-movant's claims, the burden then shifts to the non-movant to produce evidence that raises a fact issue on the challenged elements. *Spradlin*, 100 S.W.3d at 377. Thus, the Hills were not required to bring forward any evidence refuting the Sloans' claims. *See id.*

We overrule the Sloans' fourth, fifth, and sixth issues.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

22